# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAYE LYNN DILEK BREWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CV-0513-CVE-JFJ |
| ) | |
| UNITED STATES POSTAL INSPECTOR, ) | |
| TABITHA HOLT, and ANN DALEY, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1) and plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff, appearing pro se, has filed a complaint (Dkt. # 1) alleging claims against employees of the post office apparently arising out of a dispute over the delivery of mail. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

On September 20, 2019, plaintiff filed a pro se complaint, and it is difficult to determine the factual basis for her claims based on her rambling complaint. Plaintiff references a "hate crimes movement" surrounding "false hospice" care and the mistreatment of veterans, and complains about an "illegal forced eviction around Presidential and Governor returning letters to Guide cases and hearings related to War Crimes, with issues continuing after 9-11-19." Dkt. # 1, at 1. She could also be complaining about an incident of disability discrimination that occurred on a city bus, but she has not named the bus driver as a party. Id. It appears that plaintiff was attempting to pick up her mail at a post office in Tulsa, Oklahoma, and a dispute arose when she was told that could not get her

mail at that particular post office.  Id. at 2.  It is difficult to discern precisely what occurred from the allegations of the complaint, but there may have been a second incident when plaintiff was told that she could not pick up her mail at that particular post office.  Id.  Plaintiff seeks declaratory relief to "stop injury on spinal permanent SSI diagnosis" and she seeks $500,000 "for denied return calls by Postal Co-Chairs . . . ."  Id.

Plaintiff seeks leave to proceed in forma pauperis and the requirements of 28 U.S.C. § 1915 are applicable.  See Lister v. Dep't of Treasury, 408 F.3d 1309 (10th Cir. 2005).  Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . .(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted."  A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ."  Id.  A reviewing court need not accept "mere conclusions characterizing pleaded facts."  Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

(quotation marks and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court has conducted a screening of plaintiff's complaint under 28 U.S.C. § 1915 and finds that she has failed to state a claim upon which relief can be granted. Plaintiff cites 42 U.S.C. § 1983 in her complaint and her factual allegations do concern the delivery of mail, and this could potentially invoke federal question jurisdiction. See Curiale v. Potter, 147 F. App'x 743, 744 (10th Cir. Aug. 31, 2005). The Court finds at least two potential problems with construing plaintiff's complaint to allege a federal law claim concerning the delivery of mail. First, the relief plaintiff seeks is entirely unrelated to any dispute over the pick up of mail at the post office. This calls into question whether plaintiff could state a valid claim for relief, but it raises an issue as to whether she has standing to proceed with a case against defendants. To have standing under Article III of the United States Constitution, plaintiff must show that she (1) has an injury in fact, (2) that there is a causal connection between the injury and the challenged conduct, and (3) that a ruling in her favor would redress the alleged injury. Rector v. City and County of Denver, 348 F.3d 935, 942 (10th Cir. 2003). Plaintiff seeks damages for unreturned phone calls and a declaratory judgment "to stop injury on spinal permanent SSI diagnosis," but it not clear that remedies she seeks would redress any issue related to the alleged failure to allow her to pick up mail. Second, plaintiff has failed to state a claim upon which relief can be granted. It appears from the complaint that plaintiff had a dispute with postal workers concerning the pick up of mail, but she states that she had never picked up her mail at this post office. Dkt. # 1, at 2. She was told that she could not "get your mail here, change addresses," and this suggests that she there was no mail for plaintiff to pick up at the post office.

3

The Court appreciates that plaintiff is proceeding pro se and has broadly construed her complaint, but there does not appear to be any factual basis for a claim against the named defendants. The Court will also consider whether plaintiff could be alleging state law claims against defendants. The Court notes that plaintiff has not alleged the citizenship of each of the defendants, and the Court cannot determine if the parties are completely diverse based on the allegations of the complaint. In any event, none of plaintiff's allegation could be construed to assert a claim under state law, and the Court can discern no potential state law claims in plaintiff's complaint.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice**, and plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**. A separate judgment of dismissal is entered herewith.

**DATED** this 25th day of September, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE